DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>IQBAL SINGH-SIDHU,<br><br>               Defendant.<br><br>CHANPREET KAUR SIDHU,<br><br>               Third-party claimant. | Case No. 3:13-CR-00032-RCJ-VPC<br><br>MOTION TO DISMISS THIRD-PARTY CLAIM (#84) FILED BY CHANPREET KAUR SIDHU |

The United States of America, through its undersigned counsel, moves pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure to dismiss the claim of Chanpreet Kaur Sidhu, a claim which was filed on August 1, 2014, and captioned as a "Request Application" (#84). The claim by Chanpreet Kaur Sidhu (hereinafter "Mrs. Sidhu") purports to challenge the forfeiture of a vehicle which the Court found to be subject to criminal forfeiture in connection with the criminal offenses committed by defendant Iqbal Singh-Sidhu ("Mr. Sidhu"). The United States' motion to dismiss the claim of Mrs. Sidhu is based on the failure of Mrs. Sidhu to comply with the statutory

1

requirement that third-party claims be signed under penalty of perjury and further on the grounds that the claim fails to state a viable factual basis to challenge the forfeiture of the subject vehicle. Accordingly, Mrs. Sidhu's claim (#84) must be dismissed.

**A.    INTRODUCTION**

On June 10, 2014, the Court entered a Preliminary Order of Forfeiture (#74) forfeiting various assets to the United States following Mr. Sidhu's conviction by jury verdict of various drug offenses. Specifically, the Preliminary Order of Forfeiture (#74) reflects the Court's determination that the specified assets were sufficiently linked to the criminal offenses Mr. Sidhu was found guilty of committing and the assets were accordingly forfeited to the United States (subject to any third-party claims which might be asserted). The forfeited assets consist of:

a. 2009 Toyota 4Runner, SR5, bearing Nevada license plate 280WEP, vehicle identification number ("VIN") JTEBU14R59K036257, silver in color, seized on February 5, 2013, in the vicinity of 3101 Platte River Drive, Reno, Nevada, erroneously identified in the Second Superseding Indictment as a 2013 Toyota 4Runner;

b. five (5) boxes of drug paraphernalia glass pipes/burners seized on February 5, 2013, from the residence located at 3101 Platte River Drive, Reno, Nevada.

*See* Preliminary Order of Forfeiture (#74).

Mrs. Sidhu's claim (#84) is limited to the Toyota 4Runner vehicle.[1] Aside from the description of the vehicle and a reference to the entry of the Preliminary Order of Forfeiture, her claim consists of the following statement: "As Iqbal Singh-Sidhu's legal wife, I share his ownership on his property." *See* Claim (#84), p.2.[2] The claim is signed by Mrs. Sidhu; however, it is not signed under penalty of perjury as required by the operative statute. Moreover, the claim does not state a factual basis for challenging the forfeiture of the Toyota 4Runner vehicle. Accordingly, the claim must be dismissed.

---

[1] Mrs. Sidhu's claim (#84) erroneously identifies the vehicle as a <u>2013</u> Toyota 4Runner vehicle rather than a <u>2009</u> vehicle.

[2] The claim also contains Mrs. Sidhu's statement regarding the hardship which has been caused by the seizure and forfeiture of the vehicle. However, her "desperate need" for the vehicle is not a basis to challenge the forfeiture of the vehicle.

**B.      THE ANCILALRY PROCEEDING**

The purpose of the ancillary proceeding is to determine whether any third party has a valid claim to any of the assets listed in the Preliminary Order of Forfeiture. *See United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010) ("To protect non-party petitioners who may have an interest in the property subject to forfeiture, 21 U.S.C. section 853(n) and Federal Rule of Criminal Procedure 32.2 describe the procedures by which a non-party petitioner may assert its property interests in an ancillary proceeding before the forfeiture becomes final."); *United States v. Andrews,* 530 F.3d 1232, 1236 (10th Cir. 2008) ("…the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the [forfeiture] order."); *United States v. Lazarenko (Petition of UTICo),* 610 F.Supp.2d 1063, 1066 (N.D.Cal. 2009) ("Once a court has forfeited a defendant's interest in assets…, the courts must use an ancillary proceeding to determine if any third party ownership interests exist in the forfeited assets.").

In general, if a third party files a claim contesting the forfeiture of a forfeited asset, the court must conduct a hearing at which the court must determine if the claimant has established a basis for amending or vacating the order of forfeiture in terms of 21 U.S.C. § 853(n).[3] But the court need not conduct a hearing if it grants a motion by the Government to dismiss the claim for lack of standing, for failure to state a claim, or for any other lawful reason. *See* Rule 32.2(c)(1)(A), Fed.R.Crim.P. *See United States v. Oregon,* 671 F.3d 484, 489 n.4 (4th Cir. 2012) (noting that the district court must consider motions to dismiss filed by the Government before considering the merits of a third party's claim); *United States v. Klemme,* 894 F.Supp.2d 1113 (E.D.Wisc. 2012) (granting United States' motion to dismiss deficient claim); *United States v. Burge,* 829 F.Supp.2d 664 (C.D.Ill. 2011) (same).[4]

---

[3] Section 853(n) is made applicable to all criminal forfeitures by 28 U.S.C. § 2461(c).
[4] A concise description of the purpose and procedures governing the third-party ancillary proceeding can be found in *United States v. Dupree*, 919 F.Supp.2d 254, 262-264 (E.D.N.Y. 2013) and *United States v. Sigillito*, 938 F.Supp.2d 877, 883-886 (E.D.Mo. 2013).

1. Mrs. Sidhu's Claim Does Not Comply With 21 U.S.C. § 853(n)(3)

Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in property subject to a preliminary order of forfeiture may within the specified time petition the court for a hearing to adjudicate the validity of her alleged interest in the property. The statute further provides:

> The petition shall be signed by the petitioner *under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (italics added).

An appropriate Notice advising Mrs. Sidhu of the Preliminary Order of Forfeiture and advising her of the opportunity to file a § 853(n) petition was personally delivered to Mrs. Sidhu on July 24, 2014. *See* Notice of Filing Service of Process (#85). The Notice delivered to Mrs. Sidhu specifically advised her that any petition she filed must be signed under penalty of perjury. *Id*, at p.4 ("The Petition for Ancillary Hearing must be signed by the petitioner *under penalty of perjury*, pursuant to Title 21, United States Code, Section 853(n) and Title 28, United States Code, section 1746 and shall set forth the nature and extent of petitioner's right, title, or interest in the property, the time and circumstances of the acquisition of the right, title, or interest in the property, and any additional facts supporting petitioner's claim, and the relief sought." (italics added)). Notwithstanding the precise Notice which Mrs. Sidhu received that described the required elements of any petition which she might choose to file, Mrs. Sidhu filed a "Request Application" (#84) which is not signed under penalty of perjury and, moreover, does not contain the required substantive content regarding the factual basis for her claim.

    a) The Claim/Petition is Not Signed Under Penalty of Perjury.

Section 853(n)(3) plainly requires the ancillary petition be signed under penalty of perjury and Mrs. Sidhu was specifically advised of that requirement. Construed as a third-party petition, Mrs.

1  Sidhu's "Request Application" (#84) is deficient because it is not signed under penalty of perjury as the
2  statute requires.  The statutory requirement that the ancillary petition be signed under penalty of perjury
3  is not a mere technicality but rather is strictly enforced by the courts to guard against false claims in
4  forfeiture proceedings.  *Klemme*, 894 F.Supp.2d at 1116-17 (dismissing deficient petition and noting
5  that the petitioner was advised of the "under penalty of perjury" requirement in the Notice supplied by
6  the government); *Burge*, 829 F.Supp.2d at 667 (dismissing third-party claim because it was not signed
7  under penalty of perjury and noting that "[f]ederal courts require strict compliance with the pleading
8  requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture
9  proceedings."); *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D.La. 2010) (pro se petitioners
10 lacked standing and their petitions were dismissed because the petitions were not signed under penalty
11 of perjury – statutory requirements are strictly construed even against pro se petitioners, noting that
12 they were advised of the statutory requirement in the Notice supplied by the government).  This court
13 has likewise strictly enforced the "under penalty of perjury" statutory requirement and dismissed a
14 third-party claim for non-compliance with the requirement.  *United States v. Aitken*, 2010 WL 2951171
15 (D.Nev. 2010) ("The Court need not conduct such a hearing because Petitioner's petition is inadequate
16 under the statutory requirements.  Specifically, Petitioners have failed to sign the petition under penalty
17 of perjury.  Such a failure warrants dismissal.").  *See also United States v. Weekley*, 2010 WL 5247936
18 (N.D.Iowa 2010)(same); *United States v. Loria*, 2009 WL 3103771 (W.D.N.C. 2009)(same).

19        Here, Mrs. Sidhu's third-party claim/petition is not signed under penalty of perjury and it,
20 accordingly, does not comply with the statutory requirements.  Based on this Court's own precedent
21 and the well-established case authority which has responded to the same circumstance, Mrs. Sidhu's
22 ancillary petition/claim (#84) should be dismissed.

23 / / /

24 / / /

    b) The Claim/Petition Provides No Factual Basis for Relief from the Forfeiture

In addition to being defective because it is not signed under penalty of perjury as the statute requires, Mrs. Sidhu's ancillary petition/claim must be dismissed because it does not state a viable claim for relief from the forfeiture of the Toyota 4Runner vehicle.

There are only two grounds for recovery by a third party in the ancillary proceeding: she must either establish, by a preponderance of the evidence, that she had an interest in the forfeited asset *before* it became subject to forfeiture, *see* 21 U.S.C. § 853(n)(6)(A) (a "pre-existing interest"), *or* that she acquired the property *after* it became subject to forfeiture as a bona fide purchaser for value, *see* 21 U.S.C. § 853(n)(6)(B) (a "bona fide purchaser"). *See United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) (given the clear direction in § 853(n)(6) limiting recovery to two categories of claimants, the courts are not at liberty to create additional grounds for relief); *Lazarenko*, 610 F.Supp.2d at 1066 (describing two types of third-party property interests which are insulated from criminal forfeiture under § 853(n)(6)); *United States v. Schecter*, 251 F.3d 490, 494 (4th Cir. 2001) (forfeiture is effective at the time of the commission of the illegal act; to succeed with a third party claim, a third party must have had an interest in the property at that time, or must have acquired it later as a bona fide purchaser); *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010) (a district court can amend an order of forfeiture only in the two circumstances set forth in §§ 853(n)(6)(A) and (B)); *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (there are two grounds on which to prevail in the ancillary proceeding; the claimant must either demonstrate a priority of ownership under § 853(n)(6)(A), or that he subsequently acquired the property as a bona fide purchaser under § 853(n)(6)(B)).

Third parties who do not meet the criteria of Sections 853(n)(6)(A) or (B) cannot recover in the ancillary proceeding but must petition the Attorney General for relief. *See United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) (Congress did not intend § 853(n) to provide a vehicle for relief to all

6

third parties aggrieved by an order of forfeiture, but only to "two narrow classes of third parties;" all others must petition the Attorney General for relief).

The dichotomy between claimants with a pre-existing interest in the forfeited assets and bona fide purchasers reflects the application of the relation-back doctrine, which is codified at 21 U.S.C. § 853(c). *See United States v. Timley*, 507 F.3d at 1130. Because the relation back doctrine vests title in property at the time of the offense giving rise to the forfeiture, a claimant can recover under Section 853(n)(6)(A) only if she had a pre-existing interest in that property at the time of the offense. *See United States v. Nava*, 404 F.3d 1119, 1129 (9th Cir. 2005) (because the Government's interest in the property vested at the time of the offense giving rise to the forfeiture under the relation back doctrine, claimant can recover under section 853(n)(6)(A) only if her interest vested before that time); *United States v. Carrie*, 206 Fed. Appx. 920, 922-23 (11th Cir. 2006) (same; because Government's interest vested under the relation back doctrine when defendant acquired the property with criminal proceeds, claimant could recover under section 853(n)(6)(A) only if he had an interest before that time); *United States v. Eldick,* 223 Fed. Appx. 837, 840-41 (11th Cir. 2007) (to recover under § 853(n)(6)(A), the claimant must have had an interest in the property that *preceded* the commission of the crime because, under § 853(c), "the Government's interest will be superior to that of anyone whose interest does not antedate the crime").

Section 853(n)(6)(B) embodies a narrow exception to the relation back doctrine that Congress created for the protection of bona fide purchasers for value who acquired an interest in the forfeited asset without having reason to know that it was subject to forfeiture. *See* 21 U.S.C. § 853(c); *United States v. Huntington National Bank,* 682 F.3d 429, 434 (6th Cir. 2012) (explaining that the bona fide purchaser provision in § 853(n)(6)(B) is an exception to the relation back doctrine that comes from commercial law and is intended to protect innocent purchasers of the forfeited property); *United States v. Armstrong*, 2007 WL 7335173 (E.D.La.2007) (the bona fide purchaser provision is a "narrow

exception to the relation back doctrine;" it is "derived from commercial law," and protects those who gave consideration for the forfeited property).

As noted above, section 853(n)(3) requires the third-party petitioner to "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting petitioner's claim, and the relief sought." In stark contrast to these specific statutory requirements (which were described in the Notice supplied to Mrs. Sidhu by the government), Mrs. Sidhu's ancillary petition/claim (#84) provides no factual basis for her claim and no clue as to which of the two statutory avenues of relief she intends to pursue. Her only statement in support of her claim is: "As Iqbal Singh-Sidhu's legal wife, I share his ownership on his property." *See* Claim (#84), p.2. This statement falls far short of the required content for a procedurally viable third-party petition/claim under section 853(n)(3).

Just as with the "under penalty of perjury" requirement discussed above, courts are not reluctant to dismiss third-party ancillary claims which fail to state a factual basis for a successful challenge to a preliminary order of forfeiture. No purpose is served in allowing a third-party ancillary proceeding to continue if the petition itself fails to comply with the operative statute and the allegations of the petition, even if true, would not support a challenge to the forfeiture order. *Burge*, 829 F.Supp.2d 667-668 (claim of "marital interest" in forfeited property inadequate because such an interest would not qualify for relief under statute); *Klemme*, 894 F.Supp.2d at 1117 (third-party claim dismissed where claim did not adequately describe circumstances of claimant's acquisition of interest so it was unclear if she was making claim under 853(n)(6)(A) or (B)); *Sigillito*, 938 F.Supp.2d at 888 ("The court agrees with the government that Finan's bare allegation that she has a marital interest in the properties subject to forfeiture does not satisfy the 21 USC § 853(n)(3) pleading requirements."); *see also United States v. Edwards*, 2011 WL 2006820 (N.D.Ga. 2011) (claim stating only that defendant's wife acquired the

property "in good faith through her marriage" did not meet the statutory standard and is dismissed); *United States v. Lima*, 2011 WL 5525339 (M.D.Fla. 2011) (pro se claim asserting "marital interest" in asset insufficient under section 853(n)(3) and is dismissed); *United States v. German*, 2006 WL 1098896 (W.D.La. 2006) ("Simply put, the law requires more than a bare assertion of legal title or the use of random legal phrases to establish the time and circumstances of a petitioner's acquisition of the right, title, or interest in the subject property.").

Mrs. Sidhu's ancillary petition/claim (#84) is inadequate to support any viable challenge to the forfeiture of the Toyota 4Ruunner vehicle described in the Preliminary Order of Forfeiture (#74). Accordingly, the petition/claim should be dismissed.

**C.     CONCLUSION**

Based on the foregoing, Mrs. Sidhu's ancillary petition/claim – captioned as a "Request Application" (#84) – should be dismissed.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

  /s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

IT IS SO ORDERED this 21st day of October, 2014.

_____
ROBERT C. JONES