**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:13-cr-00032-RCJ-VPC-1 |
|  | ) ) | **ORDER** |
| IQBAL SINGH-SIDHU, | ) ) | |
| Defendant. | ) ) ) | |

      A jury convicted Defendant Iqbal Singh-Sidhu of seventeen drug-related offenses and acquitted him of one offense. Attorney Molezzo represented Defendant at trial and filed a notice of appeal on his behalf. The Court later granted Attorney Molezzo's motion to withdraw, granted Defendant's motion to proceed *in forma pauperis* on appeal, and appointed the Federal Public Defender as his counsel on appeal. Defendant has now asked for leave to substitute the Law Offices of Richard F. Cornell and the Law Offices of David R. Houston as his counsel.

      Houston and Attorney Benjamin D. Cornell, however, represented Ram Kishan, who testified against Defendant at trial and who is a defendant in Case No. 3:14-cr-1, pending before the Hon. Howard D. McKibben, where Kishan faces his own drug-related charges. Although it does not appear from the record that Kishan was in fact Defendant's co-defendant in the present case as represented by Defendant in the present motion, Defendant and Kishan may be adverse in a substantially related matter for the purposes of the Nevada Rules of Professional Conduct ("NRPC").

      Houston appears to admit a concurrent conflict of interest but argues the conflict will disappear once his representation of Kishan concludes, at which time he will ask to substitute in

1

to represent Defendant.  That may or may not be correct under NRPC 1.9(a), but that issue is not yet ripe.  The ripe issue is that Richard Cornell wants to substitute in now.  He claims he has no conflict because only his son Benjamin Cornell represented Kishan along with Houston, not Richard Cornell himself.  But it appears that Benjamin works in his father's law office, so Benjamin's conflict is presumably imputed to Richard under NRPC 1.10(a), because the conflict is not based purely on a personal interest.  In summary, it may be that none of these three lawyers (Houston or either Cornell) may represent Defendant in the present matter without appropriate waivers.  As to any of these lawyers who still represents Kishan (or who has a concurrent-type conflict imputed), both Defendant and Kishan must give informed written consent under NRPC 1.7(b)(4).  As to any of these lawyers who no longer represents Kishan (or who has only a prior-representation-type conflict imputed), only Kishan has to give informed written consent under NRPC 1.9(a).  But it appears that only Defendant has signed a waiver, not Kishan.

The Court would normally order an evidentiary hearing to sort out the facts, but the Court in this case denies the motion without a hearing.  The Court of Appeals has already granted a similar motion, noting that any motions to substitute counsel must be made in that court alone at this stage, because the Notice of Appeal has been filed.

Defendant also asks for the Court to provide trial and sentencing transcripts at public expense under 18 U.S.C. § 3006A, 28 U.S.C. § 753(f), and § 310.10.10(a) of the Administrative Office's Guidelines for Administering the CJA and Related Statutes.[1]  The Court denies the motion. It was filed at a time when Defendant was represented by the Federal Public Defender. Defendant has now retained counsel.  The Court cannot say that § 310.10.10(a) applies here,

---

[1] Defendant has misnamed the document and misidentified the section, but the Court has identified the document and section he likely means to invoke.

even assuming that document controls and that the issue is properly before this Court and not the Court of Appeals alone.  The Court only previously found that Defendant could not afford counsel and the other costs of his defense, i.e., that he was indigent broadly speaking.  The Court has never made any finding that Defendant is financially unable to pay for trial and sentencing transcripts alone, and given the facts that the costs of transcripts are a small fraction of the costs of an entire defense and that Defendant has since received third-party payment for his appellate counsel's services, a finding that he cannot afford the transcripts is much less likely than a finding that he is still unable to afford to pursue his defense.  In other words, the question of whether a defendant can afford counsel on appeal is much different from the question whether he can afford transcripts on appeal when a third party is paying for his counsel.  The answer to those two questions will not always be the same, because, as the Court has noted, transcripts are far less expensive than is legal representation through an entire stage of proceedings.[2]  Defendant has made no showing that he cannot afford the transcripts.

///

///

///

---

[2] The persuasive authority invoked, *see State v. Breen*, 675 P.2d 996 (Nev. 1984) does not address this important distinction, noting only the broad proposition that "acceptance of representation by privately retained counsel does not constitute a waiver of indigency status." *Id.* at 997.  Perhaps the distinction is unimportant under state law.  But it is important under federal law.  Section 3006A(e)(1) and § 310.10.10 ask whether the defendant is "financially unable to obtain investigative, expert, or other services" or "financially unable to obtain the necessary services," respectively, not simply whether he is indigent broadly speaking, i.e., whether he is "unable to obtain counsel" or "financially unable to obtain adequate representation" under Criminal Rule 44(a) and § 3006A(a), respectively.  Furthermore, in *Breen*, the transcripts had been prepared at public expense while the indigent defendant was represented by the public defender, and the State only later requested reimbursement after a third party paid for retained counsel. *See id.*

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Substitute Attorney (ECF No. 92) is DENIED.

IT IS FURTHER ORDERED that the Motion for Transcripts at Public Expense (ECF No. 93) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge