

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IQBAL SINGH-SIDHU,<br><br>Defendant. | 3:13-cr-00032-RCJ-VPC-1<br><br>ORDER |

I.  FACTS AND PROCEDURAL HISTORY

A jury convicted Defendant Iqbal Singh-Sidhu of seventeen drug-related offenses, i.e., for possessing and distributing controlled substances and controlled substance analogues and maintaining a drug-related premises. The Court of Appeals affirmed Defendant's convictions and sentences. Defendant filed the present habeas corpus Motion under 28 U.S.C. § 2255 based on trial counsel's alleged ineffective assistance. The Court rejected the Motion in most respects but required the Government to answer as to the issue of trial counsel's failure to introduce evidence of a Drug Enforcement Agency ("DEA") chemist's disagreement over the analogue status of UR-144, trial counsel's failure to cross-examine Dr. Amin as to the issue, and trial counsel's failure to adduce expert testimony on the issue. The Government has filed its Answer, along with an affidavit from trial counsel, and Defendant has filed his Reply.

## II. LEGAL STANDARDS

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to appeal does not constitute "cause" excusing procedural default on an issue). Also, substantive legal arguments not raised on direct appeal are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule when a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey*, 499 U.S. at 494, and a "reasonable unavailability of the factual or legal basis for the claim," *id*. "Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003). Ineffective assistance of counsel claims can be brought for the first time under § 2255 even if they could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504. They are essentially a special variety of "cause and prejudice" claim. The prejudice required is the same, but the cause is based specifically on constitutionally deficient counsel rather than some other miscellaneous "objective factor external to the defense." *McCleskey*, 499 U.S. at 493.

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The error must also have rendered the trial fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical

decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

### III. ANALYSIS

Defendant argues that trial counsel failed to present an expert to rebut the Government's expert as to the analogue status of UR-144, cross-examine Dr. Amin on the issue, or address an internal DEA email by Arthur Berrier to Thomas Duncan indicating that Berrier (of the DEA's Special Testing and Research Laboratory) disagreed that UR-144 was a chemical analogue of JWH-018. The Court previously noted that because it had instructed the jury in this case consistently with the Fourth Circuit's partial-disjunctive reading of 21 U.S.C. § 802(32)(A), it potentially mattered that a DEA scientist had disagreed that UR-144 and JWH-018 were substantially similar. The Court therefore ordered the Government to answer in relevant part.

After reading the Answer and the Reply, however, it is clear that there can have been no prejudice to Defendant, regardless of whether trial counsel's performance fell below constitutionally acceptable standards. As the Government notes, the Court required the jury to return special verdicts on each count involving UR-144 (Counts 2, 4, 5, 10, 15, 17, and 18). As to each of those counts (except Count 18, for which the jury found Defendant not guilty), the jury separately found that the substances at issue contained both UR-144 and XLR11. (*See* Verdict, ECF No. 29). Because Defendant has made no claim of judicial error or trial counsel ineffectiveness as to his convictions on the relevant counts with respect to XLR11, he has shown no reasonable probability that he would have obtained a verdict of not guilty on any of the relevant counts had trial counsel performed as Defendant argues he should have, and any

decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

### III. ANALYSIS

Defendant argues that trial counsel failed to present an expert to rebut the Government's expert as to the analogue status of UR-144, cross-examine Dr. Amin on the issue, or address an internal DEA email by Arthur Berrier to Thomas Duncan indicating that Berrier (of the DEA's Special Testing and Research Laboratory) disagreed that UR-144 was a chemical analogue of JWH-018. The Court previously noted that because it had instructed the jury in this case consistently with the Fourth Circuit's partial-disjunctive reading of 21 U.S.C. § 802(32)(A), it potentially mattered that a DEA scientist had disagreed that UR-144 and JWH-018 were substantially similar. The Court therefore ordered the Government to answer in relevant part.

After reading the Answer and the Reply, however, it is clear that there can have been no prejudice to Defendant, regardless of whether trial counsel's performance fell below constitutionally acceptable standards. As the Government notes, the Court required the jury to return special verdicts on each count involving UR-144 (Counts 2, 4, 5, 10, 15, 17, and 18). As to each of those counts (except Count 18, for which the jury found Defendant not guilty), the jury separately found that the substances at issue contained both UR-144 and XLR11. (*See* Verdict, ECF No. 29). Because Defendant has made no claim of judicial error or trial counsel ineffectiveness as to his convictions on the relevant counts with respect to XLR11, he has shown no reasonable probability that he would have obtained a verdict of not guilty on any of the relevant counts had trial counsel performed as Defendant argues he should have, and any

ineffectiveness by trial counsel as to the analogue status of UR-144 was therefore not prejudicial.[1]

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Extend Time (ECF No. 131) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 125) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 8th day of August, 2017.

_____
ROBERT C. JONES
United States District Judge

---

[1] Defendant has only now in the Reply made any argument that trial counsel should have also argued that XLR11 is not an analogue. Arguments raised for the first time in reply are generally considered waived. *E.g., Eberle v. City of Anaheim*, 901 F.2d 814, 817–18 (9th Cir. 1990). The argumentation and evidence presented in the Motion address only UR-144, not XLR11, and no evidence attached to the Reply tends to show that XLR11 is not an analogue, in any case.